FILED
AT ALBUQUERQUE NM
SEP - 3 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-99-0860 LH/DJS
CR-95-528 LH

EMILY SILVA,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to review Defendant's motion filed August 1, 1999, which seeks an extension of time to file a motion under 28 U.S.C. § 2255. Defendant alleges her counsel refused to advise her of the date her appeal was final and asks that the Court extend the one-year limitation period in § 2255.

Although the statutory limitation period in § 2255 may be subject to tolling, *cf. United States v. Glover*, No. 97-5158, 1998 WL 453674 (10th Cir. Aug. 5, 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (limitation period in § 2244(d) subject to equitable tolling), *cert. denied*, 119 S.Ct. 210 (1998); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir.), *reh'g and reh'g en banc denied* (1998), the Court has no authority to extend statutory limitations periods in advance. *United States ex rel. Tennessee Valley Auth. v. Easement and Right-of-Way over Certain Land in Cumberland County, Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967), *cert. denied sub nom. Skaggs v. United States*, 390 U.S. 947 (1968); *Hammons v. Int'l Playtex, Inc.*, 676 F. Supp. 1114, 1118 (D. Wyo. 1988), *vacated on other grounds*, 872 F.2d 963 (10th Cir. 1989); *Parker v. Marcotte*, 975 F. Supp. 1266, 1269 (C.D. Cal. 1997); *but see Calderon v. United States Dist. Ct.*, 128 F.3d 1283 (9th Cir. 1997) (affirming



anticipatory tolling of limitation period in § 2244) (cited with approval in *Miller*, 141 F.3d at 978). Although the relief sought in the motion must be denied, in order to avoid preclusion Defendant's motion will be construed as an original motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Defendant will be allowed to submit an amended motion setting out her claims. No opinion is expressed or implied herein with respect to expiration of the limitation period for Defendant's § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion for extension of time to file a motion under 28 U.S.C. § 2255 filed August 1, 1999, is DENIED;

IT IS FURTHER ORDERED that Defendant's motion is construed as an original motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; within thirty (30) days from entry of this order, Defendant may file an amended motion under 28 U.S.C. § 2255 setting out her claims against her sentence; failure timely to file an amended motion may result in denial of the motion without further notice; and the Clerk is directed to send Defendant a form § 2255 motion with instructions.

UNITED STATES DISTRICT JUDGE